# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | |
| vs. ) | Criminal No. 9:20-748-RMG |
| ) | |
| Michael Sturms, ) | |
| ) | |
| Defendant. ) | **ORDER** |
| ) | |

This matter comes before the Court on Defendant's motion to change venue to the Middle District of Florida pursuant to Federal Rule of Criminal Procedure 21(b).[1] (Dkt. No. 62). Defendant was indicted on December 2, 2020 on a single count of tax evasion. (Dkt. No. 1). He was arraigned on December 16, 2020. The case was continued on multiple occasions on the motion of defense counsel. (Dkt. Nos. 37, 47, 53). Defendant's case has been set for trial to begin on July 11, 2022.

Defendant asserts that conducting his criminal trial in the District of South Carolina would be financially burdensome on him, noting that certain legal and tax professionals whom he needs as witnesses live and work in Jacksonville, Florida. He also asserts that some of the business transactions at issue occurred in the Middle District of Florida and that he resided in the Middle District of Florida when the tax liabilities at issue were incurred. (*Id*. at 5-8).

The Government opposes the motion, noting that a number of the Government's

---

[1] Defendant also asserts 18 U.S.C. § 3237(b) as a basis for his motion, but acknowledges he failed to timely file a motion to transfer within 20 days after arraignment. (Dkt. No. 62 at 2). The motion for transfer was filed 15 months after arraignment and after the Court had set a day certain trial date.

-1-

witnesses reside in the District of South Carolina and that Defendant currently resides in the District of South Carolina. Further, the Government asserts that it has subpoenaed and arranged for travel for a number of Florida witnesses. (Dkt. No. 64). The Government asserts that "the possible witnesses, events likely to be in issue, and documents and records likely to be involved are located as much in the District of South Carolina as they are in the Middle District of Florida." (*Id.* at 6).

## Legal Standard

A defendant has the right to be tried in a district where his offense was committed. United States Const., Art. III, § 2, Cl 3; Fed. R. Crim. P. 18. When an offense is committed in more than one district, venue lies "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a). For a tax evasion trial, venue is proper in any district where "the attempt to evade taxes was begun, continued, or completed." *United States v. Slusky*, 487 F.2d 832 (2d Cir. 1973).

A case may be transferred from a district in which there is venue to another district in which there is venue "for the convenience of the parties, any victim, or the witnesses, or in the interest of justice." Fed. R. Crim. P. 21(b). As the Supreme Court established in *Platt v. Minnesota Min. & Mfg. Co.*, 376 U.S. 240, 243-44 (1964), a district court considering a motion to transfer venue for inconvenience should consider the following factors:

1. Location of defendant;

2. Location of possible witnesses;

3. Location of events likely to be in issue;

4. Location of documents and records likely to be involved;

5.        Disruption of defendant's business unless the case is transferred;

6.        Expense to the parties;

7.        Location of counsel;

8.        Relative accessibility of the place of trial;

9.        Docket condition of each district or division involved; and

10.      Any other elements which might affect transfer.

## Discussion

The parties acknowledge that venue is proper in both the District of South Carolina and the Middle District of Florida. Defendant's motion focuses primarily on the fact that he may call witnesses who reside in Florida and this may place a financial burden on him. Events relevant to the charged offense occurred in both judicial districts and relevant documents and records appear to be located in both districts.. A number of the Government's witnesses reside in the District of South Carolina, as does the Defendant. Defendant's criminal defense counsel resides in the District of South Carolina. The case is being prosecuted by the United States Attorney's Office for the District of South Carolina. The case is presently set for a day certain trial date in the District of South Carolina for July 11, 2022.

Since relevant issues in contest occurred in the District of South Carolina and the Middle District of Florida, there is no venue that does not to some degree inconvenience the parties and witnesses. After carefully weighing the *Platt* factors, the Court finds trial is most appropriate in the District of South Carolina. Consequently, Defendant's motion to change venue pursuant to Fed. R. Crim. P. 21(b) (Dkt. No. 62) is **DENIED.**

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel<br>
Richard Mark Gergel<br>
United States District Judge

March 29, 2022
Charleston, South Carolina